**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| PAUL KRASK, )<br>　　　　Plaintiff, )<br> )<br>　v. )<br> )<br>CINTAS CORPORATE SERVICES, INC., )<br>*et al.*, )<br>　　　　Defendants. ) | CAUSE NO.: 2:20-CV-87-JTM-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Steel Grip, Inc. ("Steel Grip") and Milliken & Company ("Milliken") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants Steel Grip and Milliken have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Paul Krask and Defendants, Cintas Corporate Services, Inc., Steel Grip, and Milliken, must be citizens of different states, and the amount in controversy must be more than $75,000. Defendants Steel Grip and Milliken have alleged a sufficient amount in controversy. Defendants Steel Grip and Milliken have also sufficiently alleged the citizenship of Defendants Cintas Corporate Services, Inc. and Milliken. However, the allegations are insufficient as to the citizenship of Plaintiff and Defendant Steel Grip.

The Notice of Removal states: "At both the time of the incident alleged in his Complaint for Damages, and the time of filing of this petition, Plaintiff alleges he is a resident of Lake County, Indiana." (Notice of Removal ¶ 2, ECF No. 1). The Notice of Removal further states: "At both the time of the incident alleged in his Complaint for Damages, and the time of filing of this petition, Plaintiff alleges Defendant Steel Grip, Inc. . . . is a corporation headquartered in Illinois and organized under the laws of Illinois." *Id.* at ¶ 5. These allegations are insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). The Court must therefore be advised of Plaintiff's state of citizenship, not his state of residence.

Additionally, an allegation of a corporation's "headquarters" is not synonymous with an allegation of the corporation's "principal place of business." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("[W]hat matters for the citizenship of a corporation is its state of incorporation and its principal place of business, not its 'headquarters.'" (internal citation omitted)). The Court must therefore be advised of the state of Defendant Milliken's principal place of business, not the state of its headquarters.

Given the importance of determining the Court's jurisdiction to hear this case, Defendants Steel Grip and Milliken must sufficiently allege the citizenship of Plaintiff and Defendant Steel Grip as outlined above. Therefore, the Court **ORDERS** Defendants Steel Grip and Milliken to

**FILE**, on or before **March 24, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiff as stated above.

So ORDERED this 10th day of March, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
