# UNITED STATES DISTRICT COURT
for the Northern District of Indiana
Hammond Division

| | |
|---|---|
| PAUL KRASK,<br><br>    Plaintiff,<br><br>v.<br><br>CINTAS CORPORATION SERVICES, INC., MILLIKEN & COMPANY, WESTEX, INC., STEEL GRIP, INC., KURARAY CO., LTD, and NISSIN TRADING CO., LTD,<br><br>    Defendants. | Case No. 2:20-cv-00087<br><br>**JURY DEMAND** |

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Paul Krask, by and through undersigned counsel, and for his Amended Complaint for Damages against Cintas Corporation Services, Inc., Milliken & Company, Westex, Inc., Steel Grip, Inc., Kuraray Co., LTD, and Nissin Trading Co., LTD, alleges and states the following:

## PARTIES

1. Plaintiff Paul Krask (hereinafter referred to as "Plaintiff" or "Paul") is a resident of Lake County, Indiana.

2. Defendant Cintas Corporation Services, Inc. (hereinafter referred to as "Cintas") upon information and belief is now, and at all times mentioned in this complaint was, a foreign for-profit organization and existing under the laws of Ohio, with its principal office located at 6800 Cintas Boulevard, P.O. Box 625737, Cincinnati, Ohio.

3. Defendant Milliken & Company (hereinafter referred to as "Milliken") upon information and belief is now, and at all times mentioned in this complaint was, a foreign for-

1

profit organization and existing under the law of South Carolina, with its principal office located at 920 Milliken Road, Spartanburg, South Carolina.

4. Defendant Westex, Inc. (hereinafter referred to as "Westex") upon information and belief is a corporation headquartered in Illinois and organized under the laws of Illinois.

5. Defendant Steel Grip, Inc. (hereinafter referred to as "Steel Grip") upon information and belief is a corporation headquartered in Illinois and organized under the laws of Illinois.

6. Defendant Kuraray Co., LTD (hereinafter referred to as "Kuraray") upon information and belief is a corporation headquartered in Tokyo, Japan and organized under the laws of Japan.

7. Defendant Nissin Trading Co., LTD (hereinafter referred to as "Nissin") upon information and belief is a corporation headquartered in Tokyo, Japan and organized under the laws of Japan.

8. At this time, Plaintiff is unaware of the true names and capacities of the Roe defendants within the circumstances relating to the facts of the above captioned matter. Plaintiff will seek leave to amend this Complaint when he identifies these defendants through discovery.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this matter pursuant to Indiana Trial Rule 75. All events occurred in Lake County, Indiana.

## FACTS COMMON TO ALL COUNTS

10. On January 25, 2018, Paul was an employee at Jupiter Aluminum located at 1745 165th Street, Hammond, Indiana.

11. On said date, Paul was working as an operator.

12. As Paul walked past a large container of molten aluminum, another employee did not see Paul walking past the container and let another piece of machinery fall into the molten aluminum which was already full.

13. The molten aluminum splashed onto Paul causing third degree burns.

14. At the time of these events Paul was wearing special clothing that should have prevented the burns. However, said clothing was defective.

15. The subject clothing is described on different labels as:

Westex
Vinex/FR-9B
Alum. Splash
Res. Fabric


10.7 CAL/CM2
ATPV ARC Rating
Steel Grip Inc.
Made in the U.S.A.
RN 98299

16. The subject clothing had cleaning instructions to:

Wash to 140F
Permanent Press
Tumble Dry
Remove Dry when Dry Only

17. Paul has suffered physical, emotional, and pecuniary injuries and damages as a direct result of the negligence of the defendants.

## COUNT 1 – PRODUCT LIABILITY (DEFENDANT CINTAS)

18. The Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

19. Plaintiff Paul as an employee of Jupiter was a foreseeable user of the clothing sold, designed and/or manufactured by Cintas or a subsidiary or sister corporation of Cintas.

20. The clothing was defective in that it did not protect against burns from the molten aluminum and it should have. It also was defective in that it did not contain adequate warnings.

21. Upon information and belief, Cintas also failed to properly design the clothing so that it would prevent the subject burns.

22. Upon information and belief Cintas failed to adequately warn Plaintiff Paul that the clothing would not protect against burns from molten aluminum.

23. Upon information and belief Cintas failed to properly manufacture the clothing so that it would protect Plaintiff Paul against the burn he sustained from the molten aluminum

24. If Cintas would have properly designed, manufactured, and/or provided appropriate warnings, Plaintiff Paul would not have been burned by the molten aluminum and would not have sustained the accompanying injuries.

25. As a direct and proximate cause of Defendant Cintas' negligence, Plaintiff Paul suffered personal injuries, incurred medical expenses, lost wages, and lost future earning capacity.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Cintas Corporate Services, Inc., in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

## COUNT 2 – PRODUCT LIABILITY (DEFENDANT MILLIKEN & COMPANY)

26. Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

27. Defendant Milliken or another sister or subsidiary corporation of them designed, sold, and/or manufactured the subject defective clothing.

28. Defendant Milliken or another sister or subsidiary corporation of them was also responsible for providing adequate warnings accompanying the subject clothing.

29. Plaintiff Paul, as an employee of Jupiter, was a foreseeable user of the clothing sold, designed and/or manufactured by Milliken or a subsidiary or sister corporation of Milliken.

30. The clothing was defective in that it did not protect against burns from the molten aluminum and it should have. It also was defective in that it did not contain adequate warnings.

31. Upon information and belief, Milliken also failed to properly design the clothing so that it would prevent the subject burns.

32. Upon information and belief Milliken failed to adequately warn Plaintiff Paul that the clothing would not protect against burns from molten aluminum.

33. Upon information and belief Milliken failed to properly manufacture the clothing so that it would protect Plaintiff Paul against the burn he sustained from the molten aluminum.

34. If Milliken would have properly designed, manufactured, and/or provided appropriate warnings, Plaintiff Paul would not have been burned by the molten aluminum and would not have sustained the accompanying injuries.

35. As a direct and proximate cause of Defendant Milliken's negligence, Plaintiff Paul suffered personal injuries, incurred medical expenses, lost wages, and lost future earning capacity.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Milliken & Company, in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

## COUNT 3 – NEGLIGENCE CINTAS

36. Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

37. Cintas, a subsidiary or sister corporation of them, maintained the subject clothing and cleaned it periodically.

38. Cintas failed to properly clean the clothing and, instead, damaged its protective capabilities such that it could not protect Plaintiff from the molten aluminum.

39. Cintas owed a duty to Plaintiff to properly maintain and clean the clothing so that it would maintain its protective capabilities.

40. Cintas owed a duty to Plaintiff to warn if said clothing was defective due to age and/or wear and tear.

41. Because of Cintas' negligence, Plaintiff sustained burns from molten aluminum.

42. If Cintas would have properly maintained the clothing and/or warned Plaintiff or Plaintiff's employer, Plaintiff would not have sustained said burns.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Cintas Corporate Services, Inc., in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

## COUNT 4 – PRODUCT LIABILITY (DEFENDANT STEEL GRIP, INC.)

43. The Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

44. Defendant Steel Grip or another sister or subsidiary corporation of them designed, sold, and/or manufactured the subject defective clothing.

45. Defendant Steel Grip or another sister or subsidiary corporation of them was also responsible for providing adequate warnings accompanying the subject clothing.

46. Plaintiff Paul, as an employee of Jupiter, was a foreseeable user of the clothing sold, designed and/or manufactured by Steel Grip or a subsidiary or sister corporation of Steel Grip.

47. The clothing was defective in that it did not protect against burns from the molten aluminum and it should have. It also was defective in that it did not contain adequate warnings.

48. Upon information and belief, Steel Grip also failed to properly design the clothing so that it would prevent the subject burns.

49. Upon information and belief Steel Grip failed to adequately warn Plaintiff Paul that the clothing would not protect against burns from molten aluminum.

50. Upon information and belief Steel Grip failed to properly manufacture the clothing so that if would protect Plaintiff Paul against the burn he sustained from the molten aluminum.

51. If Steel Grip would have properly designed, manufactured, and/or provided appropriate warnings, Plaintiff Paul would not have been burned by the molten aluminum and would not have sustained the accompanying injuries.

52. As a direct and proximate cause of Defendant Steel Grip's negligence, Plaintiff Paul suffered personal injuries, incurred medical expenses, lost wages, and lost future earning capacity.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Steel Grip, Inc., in an amount which will fully, fairly and adequately compensate Paul Krask for all damages

recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

## COUNT 5 – PRODUCT LIABILITY (DEFENDANT WESTEX, INC.)

53. The Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

54. Defendant Westex or another sister or subsidiary corporation of them designed, sold, and/or manufactured the subject defective clothing.

55. Defendant Westex or another sister or subsidiary corporation of them was also responsible for providing adequate warnings accompanying the subject clothing.

56. Plaintiff Paul, as an employee of Jupiter, was a foreseeable user of the clothing sold, designed and/or manufactured by Westex or a subsidiary or sister corporation of Westex.

57. The clothing was defective in that it did not protect against burns from the molten aluminum and it should have. It also was defective in that it did not contain adequate warnings.

58. Upon information and belief, Westex also failed to properly design the clothing so that it would prevent the subject burns.

59. Upon information and belief Westex failed to adequately warn Plaintiff Paul that the clothing would not protect against burns from molten aluminum.

60. Upon information and belief Westex failed to properly manufacture the clothing so that if would protect Plaintiff Paul against the burn he sustained from the molten aluminum.

61. If Westex would have properly designed, manufactured, and/or provided appropriate warnings, Plaintiff Paul would not have been burned by the molten aluminum and would not have sustained the accompanying injuries.

62. As a direct and proximate cause of Defendant Westex's negligence, Plaintiff Paul suffered personal injuries, incurred medical expenses, lost wages, and lost future earning capacity.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Westex, Inc., in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

### **COUNT 6 – PRODUCT LIABILITY (DEFENDANT KURARAY CO., LTD)**

63. The Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

64. Defendant Kuraray or another sister or subsidiary corporation of them designed, sold, and/or manufactured the subject defective clothing.

65. Defendant Kuraray or another sister or subsidiary corporation of them was also responsible for providing adequate warnings accompanying the subject clothing.

66. Plaintiff Paul, as an employee of Jupiter, was a foreseeable user of the clothing sold, designed and/or manufactured by Kuraray or a subsidiary or sister corporation of Kuraray.

67. The clothing was defective in that it did not protect against burns from the molten aluminum and it should have. It also was defective in that it did not contain adequate warnings.

68. Upon information and belief, Kuraray also failed to properly design the clothing so that it would prevent the subject burns.

69. Upon information and belief Kuraray failed to adequately warn Plaintiff Paul that the clothing would not protect against burns from molten aluminum.

70. Upon information and belief Kuraray failed to properly manufacture the clothing so that if would protect Plaintiff Paul against the burn he sustained from the molten aluminum.

71. If Kuraray would have properly designed, manufactured, and/or provided appropriate warnings, Plaintiff Paul would not have been burned by the molten aluminum and would not have sustained the accompanying injuries.

72. As a direct and proximate cause of Defendant Kuraray's negligence, Plaintiff Paul suffered personal injuries, incurred medical expenses, lost wages, and lost future earning capacity.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Kuraray Co., LTD, in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

**COUNT 7 – PRODUCT LIABILITY (DEFENDANT NISSIN TRADING CO., LTD)**

73. The Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

74. Defendant Nissin or another sister or subsidiary corporation of them designed, sold, and/or manufactured the subject defective clothing.

75. Defendant Nissin or another sister or subsidiary corporation of them was also responsible for providing adequate warnings accompanying the subject clothing.

76. Plaintiff Paul, as an employee of Jupiter, was a foreseeable user of the clothing sold, designed and/or manufactured by Nissin or a subsidiary or sister corporation of Nissin.

77. The clothing was defective in that it did not protect against burns from the molten aluminum and it should have. It also was defective in that it did not contain adequate warnings.

78. Upon information and belief, Nissin also failed to properly design the clothing so that it would prevent the subject burns.

79. Upon information and belief Nissin failed to adequately warn Plaintiff Paul that the clothing would not protect against burns from molten aluminum.

80. Upon information and belief Nissin failed to properly manufacture the clothing so that if would protect Plaintiff Paul against the burn he sustained from the molten aluminum.

81. If Nissin would have properly designed, manufactured, and/or provided appropriate warnings, Plaintiff Paul would not have been burned by the molten aluminum and would not have sustained the accompanying injuries.

82. As a direct and proximate cause of Defendant Nissin's negligence, Plaintiff Paul suffered personal injuries, incurred medical expenses, lost wages, and lost future earning capacity.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Nissin Trading Co., LTD, in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

## COUNT 8 – NEGLIGENCE KURARAY

83. Plaintiff Paul reincorporates all prior allegations as if the same were wholly set out herein.

84. Kuraray, a subsidiary or sister corporation of them, manufactured the fiber into the finished flame-resistant product of the subject clothing.

85. Kuraray failed to properly manufactured the fiber into the finished flame-resistant product of the subject clothing and, instead, damaged its protective capabilities such that it could not protect Plaintiff from the molten aluminum.

86. Kuraray owed a duty to Plaintiff to properly manufactured the fiber into the finished flame-resistant product of the subject clothing so that it would maintain its protective capabilities.

87. Kuraray owed a duty to Plaintiff to warn if said clothing was defective due to age and/or wear and tear.

88. Because of Kuraray's negligence, Plaintiff sustained burns from molten aluminum.

89. If Kuraray would have properly maintained the clothing and/or warned Plaintiff or Plaintiff's employer, Plaintiff would not have sustained said burns.

WHEREFORE, Plaintiff, Paul Krask, prays for judgment against Defendant, Kuraray Co., LTD, in an amount which will fully, fairly and adequately compensate Paul Krask for all damages recoverable under Indiana law, for costs of this action, and for all other just and proper relief in the premises.

## JURY DEMAND

Plaintiff demands a jury on all issues to triable.

Respectfully Submitted,

/s/ Roberto A. Mendoza
_____

Roberto "Alex" Mendoza (#30766-49)
Alex Mendoza Law, LLC
6950 Indianapolis Blvd.
Hammond, Indiana 46324
Telephone (219) 200-2000

alex@alexmendozalaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record through the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Roberto A. Mendoza
Attorney for Plaintiff